FILED
 2012 May-18  PM 02:27
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **CATHERINE FITCH,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:11-CV-4246-VEH |
| | ) |
| **ADESTA, LLC, and UNUM LIFE** | ) |
| **INSURANCE COMPANY OF** | ) |
| **AMERICA,** | ) |
| | ) |
|    **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion For Summary Judgment on Standard of Review (the "Motion") (doc. 14), filed on February 23, 2012. The Motion is opposed by Defendant Unum Life Insurance Company of America ("Unum"), which filed its brief in opposition on March 15, 2012. (Doc. 16).[1] Plaintiff filed her Reply on March

---

[1] Plaintiff clarified in her Reply (doc. 20) that her Motion requesting the court to rule on the standard of review pertains only to Unum, not to Defendant Adesta, LLC ("Adesta"). Thus, any filings made by Adesta in response to the Motion before the court are moot and not necessary for the court to consider. Further, nothing in this Memorandum Opinion and Order shall be deemed to be applicable to Plaintiff's claims against Adesta.

    Further, all briefing and argument on the Motion expressly related to Plaintiff's (First) Amended Complaint. Therefore, although, at the hearing, Plaintiff was granted leave to file a Second Amended Complaint, this Memorandum Opinion and Order applies only to Plaintiff's claims against Unum as set out in her (First) Amended Complaint. Specifically, this Memorandum Opinion and Order will control only to the extent that Plaintiff raises <u>identical</u> claims against Unum in her Second Amended Complaint as those she asserted in her (First) Amended Complaint.

22, 2012. (Doc. 20). For the reasons stated on the record at the motion hearing held before the undersigned on May 17, 2012, which are summarized below, the Motion is due to be denied.

This case involves Plaintiff's claim for life insurance benefits on her deceased husband. Plaintiff has filed this lawsuit against her husband's former employer (Adesta) as well as the insurance company (Unum) that issued a group insurance policy to Adesta. (*See generally* Am. Complt., Doc. 9).

Plaintiff seeks *de novo* review of her claim for benefits against Unum, which is brought under and controlled by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"). The standard of review in ERISA cases is dependent on whether the applicable plan document confers discretionary authority to the entity determining benefits. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) ("[W]e hold that a denial of benefits challenged under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a *de novo* standard <u>unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan</u>." (emphasis added)).

Here, without citation to any specific authority, Plaintiff contends that "[a]n insurance company cannot **retain** discretionary authority. Discretionary authority must be delegated." (Doc. 14 at 1 (emphasis in original)). She further asserts,

without citation to any authority, that "[t]he Eleventh Circuit does not authorize an insurance company or an employer to reserve discretionary authority unto itself." (Doc. 14 at 5). The court is aware of no authority within the Eleventh Circuit that has adopted such a position. To the contrary, the Eleventh Circuit and district courts within the Eleventh Circuit – including this court – have routinely applied the arbitrary and capricious standard of review framework to cases such as this one, where the entity determining benefits and coverage under an ERISA plan has been expressly delegated the authority to do so under the terms of the plan document.[2]

In fact, in a recent case before the undersigned involving the same argument raised by the same plaintiff's counsel, the court explained in depth its reasoning for rejecting the plaintiff's argument. The relevant portion of the court's analysis in that case is as follows:

> [Plaintiff] acknowledges that the terms of the Plan "include discretionary authority language and a named administrator." (Doc. 13 at 2). However, she contends that because "[n]o entity granted discretionary authority to Standard[, the insurance company that administered benefits,]" the *de novo* standard of review should apply instead of the arbitrary and capricious standard. (Doc. 13 at 7). The court

---

[2] The court notes that, in this case, Plaintiff does not contest the language of the relevant plan document, which is a group policy that expressly confers authority to Unum to "provide benefits" under the plan. (See Doc. 16-2 at 3). Further, at the motion hearing before the court on May 17, 2012, counsel for all parties represented their agreement that Unum serves as a fiduciary under the relevant plan, that Adesta is the Plan Administrator, and that Adesta delegated some of its ERISA duties – such as coverage issues, benefits determination, and payment of claims – to Unum.

3

disagrees. The terms of the Plan are clear and unambiguous, expressly allocating to Standard the authority to make benefits determinations and construe the terms of the Plan. Like other similar cases in the Eleventh Circuit, the court finds that these terms are sufficient to vest Standard with discretion and thus trigger the arbitrary and capricious standard. *See, e.g., Lee v. BellSouth Telecomm., Inc.,* 318 Fed. App'x 829, 836 n. 1 (11th Cir. 2009) (recognizing similar language as granting plan administrator discretionary authority to determine benefits eligibility); *Guy v. Se. Iron Workers' Welfare Fund,* 877 F.2d 37, 39 (11th Cir. 1989) (same). Even more on point, two district court opinions from the Ninth Circuit (that [Plaintiff] cites elsewhere as persuasive authority) applied the arbitrary and capricious standard to their review of ERISA plans issued by Standard that contain similar, if not identical, language concerning allocation of authority: *Oster v. Standard Ins. Co.,* 759 F. Supp. 2d 1172, 1176, 1185 (N.D. Cal. 2011); *Sacks v. Standard Ins. Co.,* 671 F. Supp. 2d 1148, 1151–52, 1165 (C.D. Cal. 2009).

Moreover, [Plaintiff]'s attorney has previously unsuccessfully attempted to raise similar arguments advocating the *de novo* standard of review before this court. The court finds that this case is analogous to a recent ERISA case in which this court evaluated similar plan language—and similar arguments from the same plaintiff's counsel—and determined that the terms of the plan unambiguously conferred discretion to the plan administrator. *See McCay v. Drummond Co.,* Case No. 2:08–CV–1978–VEH, 2011 WL 5438950, at *15 (N.D. Ala. Nov. 10, 2011). Similarly, Mr. Allenstein's argument "that an insurance company cannot retain discretionary authority" has been made and rejected before other judges in this district. *See, e.g., Ray v. Sun Life & Health Ins. Co.,* 752 F. Supp. 2d 1229, 1231–32 (N.D. Ala. 2010) (Bowdre, J.), *affirmed by* 443 Fed. App'x 529 (11th Cir. 2011).

Finally, [Plaintiff]'s attorney's argument that the *de novo* standard of review must apply where an ERISA benefits provider vests discretion in itself contradicts binding Eleventh Circuit authority. Specifically, in *Blankenship,* the Eleventh Circuit applied the arbitrary and capricious standard where "Defendant MetLife serve[d] as both the Plan's administrator of claims and also the payor of benefits" and "[t]he Plan

vest[ed] MetLife with discretionary authority to interpret the Plan's terms and to determine whether a claimant is disabled under the Plan." 644 F.3d at 1352–53, 1356 n. 7. The material facts are no different here. Therefore, consistent with the Eleventh Circuit's approach in *Blankenship* and the other cases cited above, the court agrees with Standard that the arbitrary and capricious standard applies . . . .

*Harvey v. Standard Ins. Co.*, 4:10-CV-3230-VEH, 2012 WL 1035428 (N.D. Ala. Mar. 29, 2012) (footnote omitted).

Consistent with the court's reasoning in *Harvey*, the court rejects Mr. Allenstein's similar and unsupported argument in this case that an insurance company cannot retain discretionary authority. Therefore, his request for application of the *de novo* standard of review is due to be denied. The court will apply the appropriate arbitrary and capricious standard of review at summary judgment.

Accordingly, the Motion is due to be, and is, hereby, **DENIED**.

**DONE** and **ORDERED** this the 18th day of May, 2012.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge